## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRUCE BRANDEN, JR.** | \* | **NO: 2:19-cv-02406** |
| | \* | |
| | \* | |
| **VS.** | \* | **JUDGE:** |
| | \* | |
| **F.H. PASCHEN, S.N. NIELSEN, INC.,** | \* | |
| **FHP TECTONICS CORP.,** | \* | **MAGISTRATE:** |
| **DAVID FLORES, LEO WRIGHT,** | \* | |
| **GEORGE PATTERSON, AND ABC** | \* | |
| **INSURANCE COMPANY** | \* | |
| | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**TO:  THE HONORABLE JUDGES OF**
**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

**NOW COME** F.H. Paschen, S.N. Nielsen, Inc. ("F.H. Paschen"), FHP Tectonics Corp. ("FHP"), David Flores, and Leo Wright (collectively "Defendants"), who remove this action from the Civil District Court for the Parish of Orleans, State of Louisiana, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendants file this Notice of Removal reserving and without waiving any rights, defenses, exceptions and/or objections that may exist in their favor in state or federal court.  In support of this Notice of Removal, Defendants submit:

## INTRODUCTION

1)      On or about February 14, 2019, Plaintiff Bruce Branden, Jr. filed a "Verified Petition for Damages" in the Civil District Court for the Parish of Orleans, in an action entitled *Bruce Branden, Jr. v. F.H. Paschen, S.N. Nielsen, Inc., FHP Tectonics Corp., David Flores, Leo Wright, George Patterson, and ABC Insurance Company*, No. 2019-01701-C.   In accordance with 28 U.S.C. § 1446(a), Defendants attach a copy of all process, pleadings, and orders served upon them as Exhibit "A."

2)      As explained below, this removal is based on Plaintiff's improper joinder of George Patterson and David Flores in an attempt to defeat diversity jurisdiction.

## THIS NOTICE OF REMOVAL IS TIMELY

3)      Flores received service of process on February 20, 2019 and was served by the Orleans Parish Sheriff's Office.

4)      F.H. Paschen's registered agent, CT Corporation System, received service of process on February 28, 2019. , as evidenced by the service confirmations attached hereto as Exhibit "B."

5)      FHP's registered agent, CT Corporation System, also received service of process on February 28, 2019. *Id.*

6)      There is no return of service in the state court record relating to George Patterson.

7)     Leo Wright has not been served nor is there an affidavit of service relating to Wright in the state court proceeding.

8)     Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as it has been filed in this Court within thirty (30) days of service upon the properly joined defendants, F.H. Paschen and FHP, and within one year of the date of the filing of the lawsuit, February 14, 2019.[1]   No previous application for removal has been made.

## BASIS FOR SUBJECT MATTER JURISDICTION

9)     Removal of this suit is proper because it is an action in which this Court has original jurisdiction under 28 U.S.C. § 1332(a), as it is an action between properly joined citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1441(a). Pursuant to the language of Section 1441(b), a court appropriately disregards the citizenship of parties that have been improperly joined.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc) (defendants entitled to remove unless in-state defendants were "properly joined"); *Salazar v. Allstate Texas Lloyd's, Inc*. 455 F.3d 571 (5th Cir. 2006).

10)    The forum state is **Louisiana**. Plaintiff is, and was at the time of the filing of his petition, a resident of Orleans Parish, State of Louisiana. Accordingly, Plaintiff

---

[1] The Notice of Removal has also been filed within 30 days of service upon David Flores.

is a citizen of the state of **Louisiana**.   (*See* Petition, Exhibit "A," introductory paragraph).

11)   Defendant F.H. Paschen is an Illinois corporation that was incorporated in Illinois, and its principal place of business is in Illinois as well. For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Thus, pursuant to 28 U.S.C. § 1332(c)(1), F.H. Paschen is a citizen of **Illinois**.  (*See* Ex. A, *Verified Petition for Damages*, ¶ 1; Declaration of James Habschmidt, Exhibit "C").

12)   Defendant FHP is an Illinois corporation that was incorporated in Illinois, and its principal place of business is in Illinois as well. For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business.  See 28 U.S.C. § 1332(c)(1).  Thus, pursuant to 28 U.S.C. § 1332(c)(1), FHP is a citizen of **Illinois**.  (*See* Ex. A, *Verified Petition for Damages*, ¶ 1; Ex. C, Declaration of James Habschmidt).

13)   ABC Insurance Company is an unidentified insurance company that has been sued under a fictitious name. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . . , the citizenship of defendants sued under fictitious names shall be disregarded." 28

4

U.S.C. § 1441(b).  Accordingly, ABC Insurance Company's citizenship is of no consequence to this removal.  (*See* Ex. A, *Verified Petition for Damages*, ¶ 1).

14)   Defendant Leo Wright is, and was at the time of the filing of his petition, a resident of Illinois. Accordingly, Defendant Wright is a citizen of the state of **Illinois**.  (*See* Ex. A, *Verified Petition for Damages*, ¶ 1).

15)   Defendant David Flores is, and was at the time of the filing of his petition, a resident of Livingston Parish, State of Louisiana. Accordingly, Defendant Flores is a citizen of the state of **Louisiana**.  (*See* Ex. A, *Verified Petition for Damages*, ¶ 1).

16)   Defendant George Patterson is, and was at the time of the filing of his petition, a resident of Orleans Parish, State of Louisiana. Accordingly, Defendant Patterson is a citizen of the state of **Louisiana**. (*See* Ex. A, *Verified Petition for Damages*, ¶ 1).

## A.   Improper Joinder of David Flores and George Patterson

17)   As noted above, a court appropriately disregards the citizenship of parties that have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004).

18)   Here, David Flores and George Patterson are non-diverse parties; nonetheless, they have been improperly joined, and their citizenships do not prevent the matter from being removed to federal court.

*Legal Standard for Improper Joinder*

19)    In *Smallwood*, the Fifth Circuit recognized that improper joinder may be shown in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (citation omitted).

20)    Further, the court must determine whether there is "arguably a reasonable basis for predicting that state law might impose liability." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).   This means that there must "be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Id.* (emphasis in original); *See also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 ("[s]tated differently, we must determine whether there is any reasonable basis for predicting that [plaintiff] might be able to establish [non-diverse] defendant's liability on the pleaded claims in state court.) In addition, "[w]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between plaintiff's allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701.

21)    In considering an improper joinder, a court may conduct a Rule 12(b)(6) analysis, looking at the petition or complaint to determine whether it states a claim under state law against the in-state defendant. *Smallwood v. Illinois Centrl. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). A complaint fails to state a claim pursuant to

Rule 12(b)(6) "when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *True v. Robles*, 571 F.3d 412 (5th Cir. 2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570) (2007)).   To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).   However, the Court need not accept, and must disregard, any conclusory allegations. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995); *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).

22)    Notwithstanding the 12(b)(6) standard, a defendant asserting improper joinder can also rely upon summary judgment type evidence. *Ross*, 344 F. 3d at 462. This means the court may "pierce the pleadings" when determining whether a plaintiff is unable to establish a cause of action against the non-diverse parties. *Id.*

23)    Plaintiff's Petition sets forth three distinct causes of action: 1) retaliatory termination in violation of La. R.S. § 23:967, the Louisiana Whistleblower statute; 2) adverse action in violation of F.H. Paschen's internal policies; and 3) intentional infliction of emotional distress. *See* Ex. A, *Verified Petition for Damages*.   As explained in the following, Plaintiff did not adequately plead facts regarding either

Flores or Patterson to establish a reasonable probability of recovery. Namely, Flores and Patterson have been improperly joined because:

1) Plaintiff's Louisiana Whistleblower claim can only be asserted against his employer. The Petition does not allege any facts to suggest that Flores or Patterson was his employer. The Petition specifies that this claim is only being asserted against the "Corporate Defendants," with no allegations against Flores or Patterson. *See* Ex. A, *Verified Petition for Damages¸* Count One.

2) Plaintiff's claim arising from F.H. Paschen's internal policies fails as he cannot, as an at-will employee, sufficiently allege a contract or vested right based upon these policies. Further, even if Plaintiff could establish that F.H. Paschen's internal policies created a right or duty greater than those provided by law, which we contend the allegations do not, any such right or duty could only be imparted to Plaintiff's employer. The policies cannot and do not create a cause of action against F.H. Paschen employees or non-F.H. Paschen employees.

3) Plaintiff has not alleged facts to state a plausible claim for intentional infliction of emotional distress ("IIED") against Patterson, as the claim is prescribed on its face. Nor has Plaintiff sufficiently alleged that Flores' conduct was extreme and outrageous or that Flores desired to inflict or

knew that severe emotional distress would be certain as a result of the alleged conduct, both of which are required to be pled for a plaintiff to successfully pursue this cause of action.

24)    Because Plaintiff has not alleged facts to meet his pleading burden regarding the improperly joined defendants and summary judgment evidence additionally illustrates the flawed nature of his claims, Flores' and Patterson's domicile must be disregarded when considering whether complete diversity exists.

### *Retaliation in Violation of the Louisiana Whistleblower Statute*[2]

25)    A Louisiana Whistleblower claim may only be brought by an employee against his employer. *See* La. R.S. § 23:967 ("An <u>employer</u> shall not take reprisal against an employee . . . An employee may commence a civil action in a district court where the violation occurred against any <u>employer</u> who engages in a practice prohibited by Subsection A of this Section.").   The Louisiana Whistleblower statute does not define the term "employer", but "courts have consistently applied the definition of 'employer' as set forth in La. R.S. § 23:302, Louisiana's general employment discrimination statute." *Heintz v. Lawson*, 2019 U.S. Dist. LEXIS 2958 (E.D. La. January 7, 2019) (applying the definition of employer set forth in La. R.S. § 23:302, the court dismissed plaintiff's claims against individual

---

[2] Plaintiff's Petition seemingly directs this claim to "Corporate Defendants", but does not define Corporate Defendants. Out of an abundance of caution and a liberal interpretation of the pleading, Defendants assume for this improper joinder analysis that the claim is directed towards Patterson and Flores, in addition to FHP and F.H. Paschen.

defendants pursuant to a Rule 12(b)(6) motion because the individual defendants did not qualify as employers under La. R.S. § 23:967); *Mosley v. Foot Locker Corporate Servs.*, 2007 U.S. Dist. LEXIS 84726 (E.D. La. November 15, 2007) (denying plaintiff's motion to remand on the basis that the individual was improperly joined as she was a supervisory employee and not an employer under the Louisiana Whistleblower statute); *see also English v. Wood Group PSN, Inc.*, No. 15-568, 2015 U.S. Dist. LEXIS 112498, 2015 WL 5061164, at *10-11 (E.D. La. Aug. 25, 2015); *Langley v. Pinkerton's Inc.*, 220 F. Supp. 2d 575, 580 (M.D. La. 2002) (the full definition of La. R.S. § 23:302 applies to La. R.S. § 23:967 regardless of the fact that La. R.S. § 23:967 is found in Chapter 9 rather than in 3—A); *Johnson v. Hosp. Corp. of America*, 767 F. Supp. 2d 678, 691 n. 2 (W.D. La. 2011).

26)     As such, the term employer for a Louisiana Whistleblower claim is defined as "a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee." La. R.S. § 23:302(2).

27)     Here, Plaintiff alleges Patterson was employed by the City of New Orleans Department of Property Management ("DOPM"), not F.H. Paschen or FHP. *Verified Petition for Damages* at ¶4. Notwithstanding the fact that Plaintiff does

10

not allege an employment relationship between himself and DOPM, Patterson is an individual employee of DOPM, and there is no allegation that Patterson compensated Plaintiff in any manner.

28)    Likewise, Flores was Plaintiff's "direct supervisor"—not his employer—and there is no allegation that he compensated Plaintiff in any manner. *Id.*

29)    For the same reasons outlined in *Heintz* and *Mosley*, there is no reasonable basis for Plaintiff to recover against Flores or Patterson pursuant to La. R.S. § 23:967.

### *Retaliation in Violation of F.H. Paschen's Internal Policies*[3]

30)    Plaintiff asserts a cause of action arising from Defendants' and Patterson's alleged violation of F.H. Paschen's "Internal Policies." *Verified Petition for Damages* at ¶8.   Specifically, Plaintiff contends that F.H. Paschen's policies afforded him a right "greater than provided by law", which included protection from adverse action or retribution due to an employee reporting a suspected violation of any federal or state law, regulation, or F.H. Paschen's Code of Business Ethics and Conduct. *Id.*   The alleged right is "the right to raise concerns without fear of being terminated," and the alleged duty is that "[t]he Companies guarantee that no adverse action or retribution of any kind will be taken against an employee because he or she reports a suspected violation or other irregularity." *Id.*

---

[3] Plaintiff's Petition seemingly directs this cause of action against Flores, Wright, F.H. Paschen, and FHP. Still, Defendants assume that this claim is also directed towards Patterson out of an abundance of caution.

31)   There is no legally recognized cause of action for violation of internal policies.  To the extent Plaintiff is attempting to assert a cause of action for breach of contract, such a claim fails as a matter of law.   An employee handbook, including codes of conduct and sets of guidelines, does not confer any contractual rights upon an at-will employee or create any exceptions to the employment-at-will doctrine. *McPherson v. Cingular Wireless, LLC*, 2007-0462 (La. App. 3 Cir. 10/3/07), 967 So.2d 573, 577 ("We noted in [*Leger v. Tyson Foods*, 670 So. 2d 397 (La. App. 3 Cir. 01/31/96)] that there exists no Louisiana jurisprudence in which an employee manual has been held to confer any contractual rights upon an employee or to create any exceptions to the employment-at-will doctrine. Our review of the jurisprudence since that 1996 decision reveals that there are still no such cases."); *Square v. Hampton*, 2013-1680 (La. App. 4 Cir. 06/04/14); 144 So. 3d 88 ("[t]he contention that a handbook creates a contract between an otherwise 'at will' employee and his employer is neither novel nor, in this jurisdiction, meritorious."). Thus, unless agreed to otherwise, an employee handbook or code of conduct cannot afford an at-will employee rights greater than provided by law.

32)   Here, Plaintiff was an at-will employee. On March 18, 2015, Plaintiff executed an Employee Handbook Acknowledgement Form that stated:

> "I acknowledge that I have received a copy of the Employee Handbook. I agree to read it thoroughly, including the statements in the foreword describing the purpose and effect of the Handbook. . . . I understand that the Company is an 'at-will' employer and as such employment with the

Company is not for a fixed term or definite period as may be defined in cases of Contract for Employment and may be terminated at the will of either party, with or without cause, and without prior notice. . . . I understand that nothing contained in the Handbook at any given time may be construed as creating a promise of future benefits or a binding contract with The Company for benefits or for any other purpose." Exhibit "D", Employee Handbook Acknowledgment Form; Ex. C, Declaration of James Habschmidt.

Further, the Employee Handbook Plaintiff reviewed and acknowledged provides the following:

"None of the procedure, policies, or benefits in the handbook are intended by reason of their publication to confer any rights or privileges upon you, or to entitle you to remained employed by the company. Both you and the company have the right to terminate the employment relationship with the company at any time for any lawful reason.

\*\*\*

I.      EMPLOYMENT AT WILL

Is defined as your employment is entered into voluntarily. There is no contract binding your employment. You may resign at any time for any reason and likewise, the company may decide to terminate the employment relationship at any time for any lawful reason. Thus both you and the company may terminate employment at any time, with or without notice and with or without cause. This is called "Employment at Will."

No one other than an officer of the company has the authority to alter this arrangement, to enter into an arrangement for employment for a specified period of time, or to make any agreement contrary to at-will employment. Furthermore, any agreements contrary to this employment at will guideline must be in writing and must be signed by the president of the company. All individual state and federal laws are applied and adhered to this guideline. Exhibit "E", F.H. Paschen Employee Handbook (emphasis removed); Ex. C, Declaration of James Habschmidt.

13

33)    The acknowledgement and handbook explicitly refute Plaintiff's contention that F.H. Paschen's  internal policies bestowed upon him a right greater than that provided by law, as there was no employment contract; rather, he was an at-will employee able to be terminated at any time for any lawful reason.

34)    Moreover, even if Plaintiff could establish that company policies provided him with a right or imposed a duty upon F.H. Paschen or FHP than required by law, they cannot and do not create a cause of action against individual F.H. Paschen employees or non-F.H. Paschen employees.

35)    Regarding Patterson, he was not a F.H. Paschen or FHP employee; thus, the alleged right and/or duty on behalf of F.H. Paschen could not extend to Patterson.

36)    Likewise, there is no reasonable basis of recovery against Flores pursuant to the alleged right and/or duty purportedly created by the Code of Business Ethics and Conduct. First, Flores could not impinge upon Plaintiff's right to raise concerns without fear of being terminated as Flores did not have, nor is he alleged to have had, the authority to terminate Plaintiff's employment. Second, the alleged duty described by Plaintiff extends to the employer, F.H. Paschen or FHP, and does not and could not impose individual liability upon Flores. As stated in the Petition, "**[t]he Companies** guarantee that no adverse action or retribution of any kind will be taken against an employee . . . ." *Id*. (emphasis added).  This alleged duty, if found to exist, would essentially be an extension of the Louisiana

Whistleblower statute, which only applies to an actual violation of law, NOT to suspected violations or other irregularities. La. R.S. § 23:967. There is nothing alleged in the Petition, nor is there any legal basis, to suggest that an individual employee may be liable for a violation of this purported duty.

37)   As such, Plaintiff is unable to state a cause of action arising from F.H. Paschen's internal policies against either Flores or Patterson.

*Intentional Infliction of Emotional Distress ("IIED")*

38)   To state a claim for IIED under Louisiana law, a plaintiff must allege sufficient facts to establish that: (1) the conduct of the defendant was extreme and outrageous; (2) the emotional distress suffered by the plaintiff was severe; and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991).

39)   IIED claims are subject to the general one-year prescriptive period for delictual actions provided in La. C.C. art. 3492. *King v. Phelps*, 98-1805 (La. 06/04/99); 743 So. 2d 181, 187.

40)   Here, Plaintiff's most recent allegation regarding Patterson relates to conduct that occurred in "November or December of 2017." *Verified Petition for Damages*, ¶8. Because Plaintiff did not file his Petition until February 14, 2019, his IIED claim against Patterson has prescribed.

41)   Regarding Flores, the Petition fails on its face state an IIED claim against Flores because Plaintiff does not allege sufficient facts to establish that Flores acted in an "extreme or outrageous" manner or that he desired to inflict severe emotional distress on Plaintiff.

42)   An explanation of necessary elements of proof for establishing such a claim was set out in *Steadman v. South Central Bell Telephone Co.*, 362 So.2d 1144 (La. App. 2 Cir. 1978).   In *Steadman*, the court held that, in order to recover for intentional infliction of emotional distress:

> [T]he defendant must have either actively desired to bring about the mental anguish or realize to a virtual certainty that it would occur. Recovery for mental anguish caused by intentional torts has generally been limited to instances of outrageous conduct. (Internal citations omitted.)

*Id.* at 1145.

In seeking guidance for the definition of outrageous conduct, the court in *Steadman* cited the comments to Section 46 of the Restatement (Second) Torts noting:

> Liability has been found only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.  Generally, the case is one which the recitation of the facts to an average member of the community would arouse his resentment against the act or lead him to exclaim, "Outrageous!"

*Id.* at 1146.

16

The court in *Steadman* acknowledged "without allegations of fact showing that defendant intended to embarrass, humiliate, or mentally and emotionally disturb plaintiff and that such conduct was done in a manner which was outrageous and beyond the privileged bounds of his insisting on one's legal rights, plaintiff's petition does not state a cause of action for emotional trauma due to intentional acts under C.C. art. 2315." *Id.* at 1146.

43)   "Merely tortious or illegal conduct does not rise to the level of extreme and outrageous." *W.T.A. v. M.Y.*, 2010-839 (La. App. 3 Cir. 3/9/11); 58 So. 3d 612, 616. Similarly, "conduct in the workplace, even if calculated to cause some degree of mental anguish, will rarely be so severe that it will rise to the level of outrageous conduct." *Barber v. Marine Drilling Mgt., Inc.*, 2002 U.S. Dist. LEXIS 2821 (E.D. La. Feb. 14, 2002) (dismissing plaintiff's IIED claim because the complaint was devoid of any allegations of fact and only set forth legal conclusions, which are not sufficient to state a claim). Moreover, the cause of action for intentional infliction of emotional distress in the workplace setting has been limited to cases which involve "a pattern of deliberate, repeated harassment over a period of time." *Nicholas v. Allstate Insurance Co.*, 1999-2522 (La. 8/31/00); 765 So.2d 1017, 1026-27.

44)   The only specific facts Plaintiff alleges to establish extreme and outrageous conduct on behalf of Flores are: 1) Flores told Plaintiff that "[o]ther things can

happen than you just losing your job. Remember Herb, Mike, and Larry[;]" 2) Flores asked Plaintiff who else had he spoken to regarding his concerns; 3) he accused Plaintiff of cooperating with investigations into Patterson's conduct; and 4) he denied Plaintiff's request to speak with corporate counsel regarding the Patterson investigation. *Verified Petition for Damages*, ¶4.

45)    While these allegations are denied, even taking these alleged facts as true, they do not rise beyond tortious or illegal actions that demonstrate a rare finding of conduct that is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Nor do these allegations establish a pattern of deliberate, repeated harassment over a period of time. Merely stating that the Defendants' "set out on a campaign of deliberate and repeated harassment of the Plaintiff over the course of several months" is insufficient to satisfy the *Twombly* standard.

46)    Further, the Petition does not allege that Flores desired to cause Plaintiff severe emotional distress or present facts that would establish that Flores knew that his conduct would result in such emotional distress.  Absent any such allegations demonstrating that Flores had some personal vendetta against Plaintiff and wanted to cause him severe mental anguish, the Petition fails to state an intentional infliction of emotional distress claim against him.

47)     Based on the foregoing, Flores and Patterson were improperly joined; thus, complete diversity exists between Plaintiff and the properly joined Defendants.

### THE AMOUNT IN CONTROVERSY IS SATISFIED

48)     A defendant seeking to remove the case based upon diversity of citizenship must prove by a preponderance of the evidence that the amount in controversy is adequate. *Felton v. Greyhound Lines, Inc.*, 342 F.3d 771, 773 (5th Cir. 2003). To satisfy this standard, the removing defendant may support federal jurisdiction either by establishing that it is "facially apparent" that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or an accompanying affidavit to show that the amount-in-controversy is met. *Id.* at 773-74.

49)     While Plaintiff did not specify in his Petition the total amount of damages he seeks to recover, it is apparent from the face of the pleading, and sufficient facts in controversy exist to prove that the amount in controversy between the Plaintiff and Defendants exceeds this Court's $75,000.00 jurisdictional amount, exclusive of interest and costs.

50)     Here, Plaintiff seeks compensatory damages, back pay, and benefits pursuant to the Louisiana Whistleblower statute, restitution for his substantial economic loss in salary, health insurance and retirement opportunities, and damages relating to his great emotional suffering and anxiety. *Verified Petition for*

*Damages*, ¶¶7, 12.   Not including benefits, Plaintiff's salary was $77,500.00 annually.   *See* Ex. C, Declaration of James Habschmidt.   Thus, the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

### PROCEDURAL REQUIREMENTS

51)    The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Orleans, where this suit was originally filed.   Therefore, venue is proper in this Court under 28 U.S.C. § 98(c) and 28 U.S.C. § 1441(a).

52)    In accordance with 28 U.S.C. § 1446(d), Defendants will promptly give written notice of filing this Notice of Removal to all adverse parties, and will file a copy of this Notice of Removal with the Clerk of Court for the Civil District Court for the Parish of Orleans.   A copy of this Notice of Filing of Notice of Removal is attached hereto as Exhibit "F".

53)    Only properly joined defendants must consent to removal. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("as a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper . . . joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical[.]"). Therefore, because Wright has not been served, no other parties are required to join in or consent to this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

20

54)    If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to brief any disputed issues and to present oral argument in support of its position that this action is properly removable.

55)    Defendants file this Notice of Removal without waiving its right to assert any objections, exceptions, and/or defenses to Plaintiff's Petition available under state or federal law.

56)    Defendants reserve the right to supplement and/or amend this Notice of Removal.

**WHEREFORE**, Defendants pray that this Notice of Removal be deemed sufficient and that this civil action proceed in this Honorable Court.

Respectfully submitted,

**ADAMS AND REESE LLP**

s/ *Hunter J. Schoen*
ELIZABETH A. ROUSSEL (#27943)
SHELLY S. HOWAT (#30067)
HUNTER J. SCHOEN (#37862)
shelly.howat@arlaw.com
hunter.schoen@arlaw.com
701 Poydras St., Ste. 4500
New Orleans, LA 70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210

*Counsel for Defendants, F.H. Paschen,*
*S.N. Nielsen, Inc., FHP Tectonics Corp.,*
*David Flores, and Leo Wright*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 15, 2019, a copy of the foregoing *Notice of Removal* was filed electronically with the Clerk of Court using the CM/ECF system.   A copy of the foregoing *Notice of Removal* has been delivered to all counsel of record via U.S. Mail, e-mail, and/or hand delivery, this 15th day of March, 2019.

*/s/ Hunter J. Schoen*
**HUNTER J. SCHOEN**